# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00309-CV

**In re Heather A. Stier**

## ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

Heather A. Stier has filed a petition seeking injunctive relief, specifically an order restraining Gary R. Stier from having unsupervised contact or supervised overnight visitation with K.S., a minor child. The record contains a copy of a temporary restraining order signed by a Hays County district court restraining Gary R. Stier from having unsupervised contact with K.S. and setting a May 1, 2013, hearing on Heather A. Stier's application for a temporary injunction. Gary R. Stier filed a motion to dissolve the temporary restraining order. The record does not include an order from the trial court arising out of that hearing, but in her petition Heather A. Stier contends that the hearing was a "sham and a travesty of justice." We infer from this statement that the district court denied her request for a temporary injunction and dissolved the temporary restraining order. Heather A. Stier has not filed a notice of appeal from the district court's denial of her application for a temporary injunction, *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West 2012) (person may appeal from interlocutory order of district court that grants or refuses temporary injunction), and therefore may not, in this proceeding, take advantage of Tex. R. App. P. 29.3 ("When an appeal from

an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal . . . ."). Rather, she has filed an original proceeding in this Court seeking injunctive relief. Her petition does not, however, assert that such relief is necessary to enforce our jurisdiction or otherwise preserve the subject matter of the case pending appeal. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *In re Smith*, No. 10-03-00390-CV, 2004 WL 254079, at *1 (Tex. App.—Waco Feb. 11, 2004, orig. proceeding) (addressing appellate court's limited authority to grant injunctive relief). We construe her petition as essentially asserting that the district court abused its discretion by denying her application for a temporary injunction. Consequently, we will treat Heather A. Stier's filing in this Court as a petition for writ of mandamus. *See* Tex. R. App. P. 52.

Without addressing whether the district court's ruling on Heather A. Stier's application for a temporary injunction is reviewable in a mandamus proceeding, we conclude that the record before us is insufficient to allow us to consider her petition. *See id.* 52.7(a)(1), (2). The rules of appellate procedure require relator to file a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in the underlying proceeding and a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter. *Id.* The record filed in this case does not comply with the requirements of rule 52.7 and, perhaps most notably, does not include a copy of a district court order on Heather A. Stier's application for a temporary injunction.

The petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed: May 8, 2013